**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21010-BLOOM/Otazo-Reyes**

4539 PINETREE LLC,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON Subscribing to
policy B1180D160620/100NC,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* review of Defendant's Notice of Removal. ECF No. [1] ("Notice"). The Court has reviewed the Notice, the record in this case, the applicable law, and is otherwise fully advised.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

Defendant removed this case from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on the basis of diversity jurisdiction pursuant to 28 U.S.C.

§ 1332. ECF No. [1]. The Notice alleges that "Plaintiff is a Limited Liability Company located in Florida."[1] *Id.* ¶ 9. In addition, the Notice alleges as follows:

> Brit UW Limited ("Brit") is the sole underwriter that subscribed to Policy No. B1180D160620/100NC (the "Policy") through Syndicate 2987. . . . Brit is a private limited company organized under the laws of England and Wales with its principal place of business in the United Kingdom. A private limited company is treated like a corporation for diversity purposes. *SHLD, LLC v. Hall*, 15 CIV. 6225 LLS, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015); *see also Simon Holdings PLC Group of Companies U.K. v. Klenz*, 878 F. Supp. 210, 211-12 (M.D. Fla. 1995). Thus, Brit is a citizen of the United Kingdom for diversity purposes.

*Id.* ¶¶ 10-11.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[2]

Moreover, "[t]here are limits on this Court's ability to hear suits involving foreign entities while sitting in diversity." *Atlanta Equestrian Ctr. v. VDL Stud*, No. 12-80423-CIV, 2012 WL 12883121, at *1 (S.D. Fla. May 15, 2012) (citing 28 U.S.C. § 1332). For example, "[a]lienage jurisdiction is a form of diversity jurisdiction under which federal courts may hear cases between

---

[1] Notably, although Defendant attached the relevant state court filings, it only attached the first page of the state court complaint to the Notice. *See* ECF No. [1-2] at 3. As such, the Court cannot determine whether the complaint contains additional allegations that would satisfy the jurisdictional inquiry here.

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

'citizens of a State and citizens or subjects of a foreign state.'" *Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (quoting 28 U.S.C. § 1332(a)(2)).

Additionally, "for the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d at 1022).

Defendant has failed to sufficiently allege Plaintiff's citizenship because the Notice fails to identify the members of the "limited liability company [or] their respective states of citizenship." *Id.* As explained above, "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership," and if the party invoking the court's jurisdiction fails to do so, as Defendant has here, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Accordingly, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank*, 2020 WL 802518, at *2.

Case No. 21-cv-21010-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant must file an amended notice of removal **by no later than March 23, 2021**, that properly sets forth the jurisdictional allegations discussed above. Further, as Defendant filed an incomplete copy of the complaint in the underlying state court case, it must also file a complete copy of the state court complaint **by no later than March 19, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 16, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record