U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   21-cv-21010-BLOOM/Otazo-Reyes

4539 PINETREE LLC,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON Subscribing to
policy B1180D160620/100NC,

    Defendant.
_____/

### PLAINTIFF'S SIXTH MOTION IN LIMINE TO EXCLUDE LAY WITNESS TESTIMONY AS TO AMOUNT OR SCOPE OF DAMAGES

Plaintiff, 4539 PINETREE LLC, by and through the undersigned counsel and pursuant to Fed. R. Evid. 403, and other applicable law, hereby file this Motion In Limine To Exclude Lay Witness Testimony As To Amount Or Scope Of Damages, and in support thereof states as follows:

### BACKGROUND AND SUMMARY ARGUMENT

Plaintiff believes that a trial strategy in this matter for Defendant may be to attempt to introduce opinion testimony from lay witnesses concerning the amount of damages at issue in this lawsuit. Specifically, Defendant's Lay Witness List discloses several witnesses with lay knowledge of this loss and the facts surrounding it. Plaintiff has no issue with these individual testify as fact witnesses; however, Plaintiff objects to testimony of these witnesses to the extent that Defendant seeks to elicit expert testimony from these lay witnesses concerning price, scope, and valuation of the rebuild to Plaintiff's property. It is undisputed that in order to

1

provide opinion concerning the amount of damages, the witness must first be delineated as an expert in the applicable field, in this case construction and building. Accordingly, it would be improper to allow unqualified lay witnesses to opine as to the cost of rebuilding and remediating Plaintiff's loss as it would inherently mislead and confuse the jury as to the proper measure of damages in a property insurance loss. Defendant cannot seek to offer damage testimony through witnesses disclosed as fact witnesses in this litigation.

    I.    **Amount of Damages Must Be Provided by A Competent Expert as Lay Opinion Is Inherently Unreliable.**

The Defendant's attempts to introduce testimony of witnesses concerning damages are improper and unreliable as the opinion is not based on sufficient personal knowledge. Damages are inherently difficult to ascertain and the price to fix or repair components of a home have multiple different methods to be accomplished; however, Plaintiff is entitled to have her home fixed pursuant to the guidelines and statutes governing insurance contracts in the State of Florida (i.e. matching statutes, adjusting requirements, continuous components, etc..) Defendant will attempt to introduce opinions of damages that "cut corners" and might get the job done, but not correctly or properly. Plaintiff must be put back into her pre-loss condition. Therefore, conjecture from lay witness concerning the use of "short cuts" that diminish the value of Plaintiff's claim are not permissible and will simply mislead the jury. Evidence of damages must be supplied by a competent adjuster or contractor, not a lay witness. Accordingly, Defendant should be barred from eliciting the opinion of lay witnesses concerning price and scope and valuation of the rebuild to Plaintiff's property.

Lay opinion testimony must be rationally based on the witness's perception, Section 90.604 Florida Statute, and perceptions, Fed. R. Evid. 701, but the witness must also have

sufficient personal knowledge to support the opinion. *See* <u>Bank of China, New York Branch v. NBM LLC</u>, 359 F.3d 171, 181 (2d Cir. 2004). Simply stated "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702.

Considering the foregoing there is a baseline standard for the adoption of opinions, which inherently requires some degree of methodology. Defendant's witnesses do not possess the training, experience, or knowledge necessary to opine as to topics requiring expert opinion through any scientific principal or discovery. Additionally, there is no evidence that any of Defendant's lay witnesses' experience would assist the jury in coming to any conclusion regarding the amount of damages in this case. Defendant's lay witnesses bear no greater credibility in their damages assessment than any other individual picked off the street.

Accordingly, the lay witnesses' unsupported, uncorroborated, and unsubstantiated opinions will do nothing but confuse the jury and will not aid the jury in understanding the evidence or in determination a fact in issue. If anything, this testimony will be highly prejudicial to Plaintiff as these witnesses will likely offer testimony that is inaccurate or not based in fact.

WHEREFORE, Plaintiff, 4539 PINETREE LLC, respectfully moves this Court to Grant the instant motion and enter an Order granting Plaintiff's Motion In Limine To Exclude Lay Witness Testimony As To Amount Or Scope Of Damages.

|  |  |  |
|---|---|---|
| Submitted January 19, 2022 | By: | */s/ Brian Wisniewski* |
|  |  | Brian Wisniewski (Florida Bar No. 95785) |
|  |  | brian@losslaw.com |
|  |  | **LOSS RECOVERY LAW GROUP, PL** |
|  |  | 20295 NE 29th Place, Suite 201 |
|  |  | Aventura, Florida 33180 |
|  |  | Telephone: (305) 900-6212; |
|  |  | Facsimile: (305) 692-0735 |
|  |  | Attorneys for Plaintiff, 4539 Pinetree LLC |

*Attorney for Plaintiff, 4539 Pinetree LLC*
**LOSS RECOVERY LAW GROUP, PL**
20295 NE 29th Place, Suite 201
Aventura, Florida 33180
Telephone: (305) 900-6212
Facsimile: (305) 692-0735
Brian Wisniewski
Florida Bar No. 95785
Primary e-mail (eservice only): pleadings@losslaw.com
Secondary e-mail: brian@losslaw.com

*Attorney for Defendant*
**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree St. Suite 925
Atlanta Georgia 30309
Telephone: (470)552-1152
Facsimile: (470)552-1151
Richard E. Zelonka, Jr., Esq
Fla. Bar No. 0656941
Primary e-mail: rzelonka@wshblaw.com
Secondary e-mail: slytle@wshblaw.com