UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-21010-CIV-BLOOM/OTAZO-REYES

4539 PINETREE LLC,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLYOD'S LONDON
Subscribing to Policy B1180D160620/100NC,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Certain Underwriters at Lloyd's London Subscribing to Policy B1180D160620/100NC's ("Defendant"), Verified Motion for Attorneys' Fees and Expenses (hereafter, "Motion for Fees") [D.E. 34]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 35]. The undersigned held a hearing on this matter on March 16, 2022 (hereafter, "Hearing") [D.E. 39]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Fees be GRANTED IN PART, only to the extent that Plaintiff 4539 Pinetree LLC ("Plaintiff") be required to pay Defendant's reasonable fees and costs incurred in this litigation should Plaintiff re-file the action, with the amount of the award to be determined at that time.

## BACKGROUND

Plaintiff commenced this action in state court alleging that Defendant had breached a policy of insurance between Plaintiff and Defendant by failing to cover hurricane damage to Plaintiff's property. See Amended Notice of Removal, Exhibit A [D.E. 4-1 at 2–3]. On March 15, 2021,

Defendant removed the action based on diversity jurisdiction. See Notice of Removal [D.E. 1]. In the course of the litigation, the parties exchanged written discovery and Defendant deposed two of Plaintiff's fact witnesses; however, Plaintiff did not depose any of Defendant's witnesses or experts. See Plaintiff's Motion for Voluntary Dismissal Without Prejudice ("Motion for Voluntary Dismissal") [D.E. 32 at 2]. Discovery closed on January 14, 2022. See Paperless Order Amending Scheduling Order [D.E. 13].

On January 19, 2022, Defendant filed a Motion to Strike Plaintiff's Expert Witnesses [D.E. 16], a Motion in *Limine* [D.E. 17] and a Motion for Summary Judgment [D.E. 27]. That same day, Plaintiff filed nine Motions *in Limine* [D.E. 18 through 26] and a Motion to Strike Defendant's fact and expert witnesses [D.E. 29]. On January 20, 2022, the Court struck all of Plaintiff's Motions *in Limine* for failure to comply with the certification requirements of Local Rule 7.1(a)(3) of the Southern District of Florida and for exceeding the Court's limit of one motion *in limine* per party. See Order Striking Plaintiff's Motions *in Limine* [D.E. 30 at 1]. On January 26, 2022, Plaintiff re-filed a single Motion *in Limine* [D.E. 31].

On February 1, 2022, Plaintiff filed a Motion for Voluntary Dismissal without Prejudice (hereafter, "Motion to Dismiss") [D.E. 32]. Plaintiff predicated its Motion to Dismiss on Rule 41(a)(2) of the Federal Rule of Civil Procedure (hereafter, "Rule 41(a)(2)") and the contention that the issues raised in Defendant's Motion for Summary Judgment could be addressed outside of the litigation. Id. at 2. Plaintiff further stated that Defendant was "unwilling to enter a stipulation of dismissal without concession by Plaintiff to pay for the Defendant's legal fees and costs." Id. at 3. Plaintiff disputed Defendant's immediate entitlement to legal fees and costs and proposed leaving "that issue within the discretion of the trial court to be addressed if the Plaintiff decides to refile an action later." Id.

On February 1, 2022, the Court granted the Motion to Dismiss and "retain[ed] jurisdiction for the sole purpose of addressing Defendant's purported entitlement to legal fees and costs." See Order of Dismissal Without Prejudice (hereafter, "Order of Dismissal") [D.E. 33]. On February 7, 2022, Defendant moved for entitlement to fees and costs in the amount of $25,000 that it claims to have incurred during this litigation. See Motion for Fees [D.E. 34 at 2].

Defendant argues that Eleventh Circuit law requires that the Court impose fees and costs in cases like this where the plaintiff has moved for voluntary dismissal after the completion of discovery while facing summary judgment. Id. at 2; Reply in Support of Motion for Fees (hereafter, "Reply") [D.E. 37 at 1]. Plaintiff counters: that Defendant's Motion for Fees is moot because the Court has already dismissed the case without attaching any conditions to the dismissal; that the Motion for Fees is not ripe because Rule 41(d) requires that the Court address Defendant's entitlement to fees and costs only if Plaintiff re-files the action; and that Eleventh Circuit precedent does not require the imposition of fees and costs as a condition of dismissal but merely grants district courts the discretion to do so. See Response to Defendant's Motion for Fees (hereafter, "Response") [D.E. 36 at 3–5].[1] Plaintiff further requests that, should the Court find that Defendant is entitled to fees and costs, fees and costs be imposed only if Plaintiff re-files the action. Id. at 4–5.

## **APPLICABLE LAW**

Rule 41 of the Federal Rules of Civil Procedure ("Rule 41") governs the ability of a plaintiff to voluntarily dismiss an action. "Rule 41(a)(1) permits a plaintiff to dismiss voluntarily an action *without* prejudice without first seeking leave from the court as long as the defendant has not yet filed either an answer or a motion for summary judgment, whichever occurs first." Potenberg v.

---

[1] Plaintiff's reference to Rule 42(d) throughout its Response appears to be a scrivener's error.

Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (emphasis in original) (citing Fed. R. Civ. P. 41(a)). Alternatively, Rule 41(a)(2) permits a plaintiff to dismiss an action voluntarily only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "Such a dismissal is considered to be without prejudice unless otherwise specified by the court." Arias v. Cameron, 776 F.3d 1262, 1273 (11th Cir. 2015). The district court "enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)" and whether to attach any conditions to the dismissal. See Potenberg, 252 F.3d at 1255. Rule 41 further provides that: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d).

## DISCUSSION

Initially, the undersigned finds that Plaintiff's mootness argument fails. In the Order of Dismissal, the Court administratively closed the case without prejudice "for the parties to file requests for legal fees and costs if any"; and "retain[ed] jurisdiction for the sole purpose of addressing Defendant's purported entitlement to legal fees and costs." See Order of Dismissal [D.E. 33]. Thus, the Court acknowledged the pendency of the parties' dispute involving Defendant's claim to entitlement to legal fees and costs incurred in this action and reserved ruling on the issue. Id. Given the Court's express retention of jurisdiction to address this matter, the Motion for Fees is not moot and is properly before the Court.

Plaintiff's ripeness argument also fails. According to Plaintiff, Rule 41(d) requires that the district court wait to address entitlement to fees and costs until the action is re-filed. However, Rule 41(a)(2) permits a plaintiff to dismiss an action voluntarily only "upon order of the court and

4

upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).  In this case, the Court dismissed the action but reserved ruling of the issue of fees and costs.  Thus, the Court may properly address the issue of fees and costs at this time pursuant to Rule 41(a)(2) and the matter is ripe for adjudication.

Having found no merit in Plaintiff's mootness and ripeness arguments, the undersigned turns to Defendant's argument that it is entitled to an immediate fees and costs award because "the Eleventh Circuit's binding authority . . . requires the imposition of fees and expenses in situations just like this" where Plaintiff moved for voluntary dismissal pursuant to Rule 41(a)(2) after the close of discovery and while Defendant's Motion for Summary Judgment was pending before the Court.  See Reply [D.E. 37 at 1].  Defendant argues that, as a condition of dismissal, the Court should require Plaintiff to reimburse Defendant's fees and costs now rather than when and if Plaintiff re-files the lawsuit.  See Motion for Fees [D.E. 34 at 3].  As support, Defendant relies on McCants v. Ford Motor Co., Inc., 781 F.2d 855, 860 (11th Cir. 1986).

In summarizing the holding and reasoning from McCants, Defendant states that the Eleventh Circuit "reversed a district court's decision to grant a motion for voluntary dismissal without providing for fees or costs because it was 'clear that the discovery had proceeded and that interrogatories had been served, objected to, and answered to some extent.  Depositions had been taken[] [and] Appellant had obviously incurred considerable litigation expense.'"  See Motion for Fees [D.E. 34 at 3] (citing McCants, 781 F.2d at 860).  However, this statement is not accurate.

In McCants, the Eleventh Circuit vacated the district court's order of dismissal without prejudice and remanded the case for further proceedings after finding that the record was "insufficient to allow [the appellate court] to evaluate the district court's exercise of its discretion in rejecting appellant's request for the attachment of conditions to its order dismissing the case."

5

McCants, 781 F.2d at 860. While the appellate court noted that the record reflected that considerable litigation had occurred prior to the dismissal, the court opined that it was unclear from the record "how much of the work done by appellant was wasted and how much [would] be useful in further litigation", and further opined that "[t]he district judge is in a far better position than we are to weigh and advise us concerning the equities . . . that militate for or against the imposition of the various conditions appellant claims are due." Id. at 861. The court also noted the plaintiff's expressed intention to re-file the action in another state to avoid the defendant's statute of limitations defense in the original suit. See id. at 859–60.

The McCants court further explained that, although "[a] plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation", the decision of whether to attach any conditions to the dismissal is nevertheless within the broad discretion of the district court. Id. at 860. Thus, the district court should "weigh the relevant equities and do justice between the parties in each case" and attach "such conditions to the dismissal as are deemed appropriate." Id. at 857.

Weighing the equities in this case, the undersigned notes that Plaintiff sought voluntary dismissal to "cure[] and address[]" the issues raised in Defendant's Motion for Summary Judgment "outside of the pending lawsuit." See Motion for Voluntary Dismissal [D.E. 32 at 2]. Thus, unlike the plaintiff in McCants, Plaintiff has not expressed a clear intent to re-file the lawsuit and did not seek a dismissal for the purpose of evading an existing defense. Thus, Plaintiff's desire to resolve the matter outside of the litigation without further costs to the parties weighs in favor of imposing fees and costs only if Plaintiff re-files the lawsuit rather than at this stage.

Defendant also relies on Sobe New, Inc. v. Ocean Drive Fashions, Inc., 199 F.R.D. 377 (S.D. Fla. 2001) for its argument that fees and costs should be imposed now rather than if Plaintiff re-files the lawsuit.  In Sobe, the district court awarded fees and costs at the time of dismissal because the parties had "engaged in extensive discovery[,] the matter ha[d] been set for trial", and the defendant had incurred fees and costs of approximately $75,000 to defend the action.  Sobe, 199 F.R.D. at 378.  However, unlike Sobe, the parties do not appear to have engaged in extensive discovery, given that: only two depositions were taken by Defendant and none were taken by Plaintiff; the parties exchanged minimal written discovery; and Defendant is claiming $25,000 in fees and costs as compared to the $75,000 sought in Sobe.  See Response [D.E. 36 at 2–3]; see also Motion for Voluntary Dismissal [D.E. 32 at 2].  And, unlike the plaintiff in Sobe, who, like the plaintiff in McCants, sought dismissal for the sole purpose of re-filing the lawsuit, see Sobe, 199 F.R.D. at 378, Plaintiff has not expressed a clear intent to re-file the action.

Under these facts, the undersigned finds that this case is more akin to Potenberg and Arias, where the district courts conditioned dismissal on plaintiff reimbursing the defendant's fees and costs only if plaintiff re-filed the action.  See Potenberg, 252 F.3d at 1260; Arias, 776 F.3d at 1273.  Moreover, the "prejudice", see Reply [D.E. 37 at 3], cited by Defendant of having had to defend the lawsuit is not, on its own, a sufficient reason for awarding fees and costs now rather than at the time Plaintiff re-files the lawsuit.  See, e.g., Potenberg, 252 F.3d at 1260 (holding that "the financial prejudice suffered" by defendant was adequately addressed by the award of costs if plaintiff re-filed suit and opining that, "[w]here the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the imposition of costs or other conditions,' the district court does not abuse its 'broad equitable discretion' by dismissing the action without prejudice.").

Accordingly, the undersigned does not find it appropriate to compel Plaintiff to reimburse

Defendant's fees and costs now rather than if and when Plaintiff re-files the action.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Fees be GRANTED IN PART, only to the extent that Plaintiff be required to pay Defendant's reasonable fees and costs incurred in this litigation should Plaintiff re-file the action, with the amount to be determined at that time.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 26th day of July, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Beth Bloom
      Counsel of Record